IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID FRANCIS CONSTANTINI <br><br> v. <br><br> CHESTER CITY POLICE DEPARTMENT, *et al.* | CIVIL ACTION <br><br> No. 25-2718 |

**MEMORANDUM**

Henry, J.  *s/CH*                                                                                                           July 21, 2025

David Francis Constantini, a convicted prisoner in custody at the SCI Camp Hill, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming the Chester City Police Department, the Eddystone Police Department, and "John Doe" Defendants, described as the Chester City Police Chief and Officers and the Eddystone Police Chief and Officers. Each individual defendant is named in his or her individual and official capacities. Constantini also seeks leave to proceed *in forma pauperis*. For the following reasons, I grant leave to proceed *in forma pauperis*, I dismiss the complaint, and I grant leave to file an amended complaint.

**I.      FACTUAL ALLEGATIONS[1]**

Constantini's allegations are brief. He claims that on May 23, 2023, he was a passenger in a vehicle "when a Chester City Police officer had made an investigative traffic stop, without jurisdictional authority in the township of Eddystone" at approximately 8:00 a.m. Compl. 5. He alleges that he was "removed from this vehicle, and strip searched, then handcuffed and placed

---

[1] The factual allegations are taken from Constantini's complaint (ECF 3), which consists of the form available for unrepresented litigants to file a complaint. I adopt the pagination supplied by the CM/ECF docketing system. I may also consider matters of public record when conducting a screening under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

in this officer[']s cruiser without [a] seat belt." *Id*. The officer "then intentionally accelerated the vehicle, then slamming the breaks, forcing [his] face and head into the metal cage divider in [the police officer's] cruiser." *Id*. He claims that "Eddystone Police had witness[ed it] without stopping these acts." *Id*.

As a result of these events, Constantini suffered head and face trauma and a concussion. *Id*. It appears that at the time of the traffic stop he had also been "recently released" from the hospital where he "had open heart surgery and was not fully recovered from this operation." *Id*. Constantini claims the following violations of his constitutional rights: 1) Fourteenth Amendment due process and false imprisonment, 2) Fourth Amendment illegal search and seizure, 3) Fifth Amendment cruel and unusual punishment or excessive force, 4) Sixth Amendment violation of judicial procedures, 5) First Amendment deprivation of the process of filing a complaint,[2] 6) 42 U.S.C. § 1985 conspiracy to interfere with civil rights, and 7) 42 U.S.C. § 1986 neglect to prevent conspiracy. *Id*. at 3. He seeks money damages. *Id*. at 5.

## II.    STANDARD OF REVIEW

The Court grants Constantini leave to proceed *in forma pauperis*[3] because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] I cannot discern viable claims for an underlying constitutional violation of judicial procedures or a deprivation of the process of filing a complaint. If he wishes to develop these claims with factual allegations, he will be given an opportunity to file an amended complaint.

[3] In response to a prior Order (ECF No. 5) directing Constantini to sign a declaration with his original signature that the information he provided in his motion to proceed *in forma pauperis* is accurate in compliance with Federal Rule of Civil Procedure 11, he submitted the signed declaration as ordered. (ECF Nos. 6 and 7.)

[4] Because Constantini is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Constantini is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Constantini asserts his constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207)).

### A. Official Capacity Claims

In drafting his Complaint, Constantini checked the boxes on the form he used indicating that he seeks to name the Defendants in their individual and official capacities. Compl. at 2–3. Constantini may not have understood the implication of checking the official capacity box. Claims against municipal employees, such as the Defendants, named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants, the City of Chester and the City of Eddystone here. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

4

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Id.* at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Even if he named the proper governmental entities in his Complaint as Defendants, which he did not, Constantini fails to allege that he suffered a constitutional violation due to a policy or custom of Chester City or Eddystone City, so these claims will be dismissed.

### B.     Claims Against Chester and Eddystone City Police Departments

Following the decision in *Monell*, 436 U.S. at 694, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, as discussed *supra*, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability"). Therefore, the Chester and Eddystone City Police Departments are not a proper defendant in this case under Section 1983 and will be dismissed with prejudice.

### C.     Constitutional Claims

Although he cites to the First and Fifth Amendments as well, Constantini's claims are best construed as raising claims under the Fourth Amendment in connection with the traffic stop

5

and related events. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."); *see also Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").

### 1. Illegal Search and Seizure Claims

Constantini's "illegal search and seizure" claims are difficult to discern based on the sparse factual allegations. He asserts there was an "investigative traffic stop, without jurisdictional authority" and that he was "removed from [the] vehicle, and strip searched, then handcuffed and placed" in the unknown officer's police vehicle. *Id.* at 5. To determine whether an investigatory stop was executed within the bounds of the Fourth Amendment, the Supreme Court prescribed a dual inquiry into "whether the officer's action was justified at its inception," in that it was supported by reasonable suspicion, and "whether the manner in which the stop was conducted was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 20 (1968); *see United States v. Johnson*, 592 F.3d 442, 452 (3d Cir. 2010). A lawful stop and frisk under *Terry* is a seizure that may elevate into a *de facto* arrest, depending on "the reasonableness of the intrusion." *United States v. Edwards*, 53 F.3d 616, 619-20 (3d Cir. 1995). Only if the *Terry* stop escalates into an arrest must the seizure be justified under a higher probable cause standard. *United States v. Sharpe*, 470 U.S. 675, 684 (1985). "[W]hen police officers make an investigative stop, they may take such steps as are 'reasonably necessary to protect their personal safety and to maintain the status quo'" during the course of the stop. *Edwards*, 53 F.3d at 619 (quoting *United States v. Hensley*, 469 U.S. 221, 235 (1985)); *see also Maryland v. Wilson*, 519 U.S. 408, 414 (1997) ("The risk of harm to both the police and the occupants [of a stopped vehicle] is minimized if the officers routinely exercise

unquestioned command of the situation.") (internal citations omitted)). Thus, where they have a reasonable suspicion, officers may frisk, handcuff, and detain a suspect while conducting their investigation. *See, e.g., United States v. Burney*, 35 F. App'x 354, 355 (3d Cir. 2002); *United States v. Benitez*, 328 F. App'x 823, 824 (3d Cir. 2009) ("A police officer may also frisk a temporarily detained person if . . . they have a reasonable belief that the person is armed and dangerous." (citing *Terry*)).

Constantini's allegations are conclusory and undeveloped as pled because he did not sufficiently describe the circumstances surrounding the traffic stop, search, and seizure to support an inference that the Defendants' actions were unconstitutional. *See, e.g., Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." (citation omitted)), *aff'd sub nom. Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 (3d Cir. Nov. 8, 2023) (*per curiam*). Thus, he has not adequately alleged the details about the traffic stop, including what happened leading up to, and during, the stop, and why he was removed from the vehicle and searched. Without these details, the Court is unable to discern whether Constantini can plausibly state this claim under the Fourth Amendment. Accordingly, his claims based on an alleged unreasonable search and seizure will be dismissed. However, he will be granted leave to file an amended complaint as to the claims dismissed without prejudice, so that he can "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who,[5] what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3

---

[5] I remind Constantini, should he amend his complaint, to try to include as much identifying information as possible for each Defendant, including first and last names.

7

(E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

### 2.     **False Imprisonment Claims**

"False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)). To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Constantini alleges "false imprisonment" in an undeveloped, conclusory fashion. *See* Compl. at 3. As an initial matter, he does not actually allege that he was arrested, although I might infer as much from his being handcuffed and placed in the police officer's vehicle. *See id.* at 5. More problematically, he neither alleges that the arrest was without probable cause,[6] nor

---

[6] Circumstantially, it appears that Constantini may have had an outstanding warrant based on his statement in the "Prisoner Status" section of his Complaint, wherein he included "violation of State Parole." Compl. at 4. Public court records, *i.e.*, docket sheets reveal that shortly after these events, on May 25, 2023, he had a bench warrant hearing for a misdemeanor possession of drug paraphernalia charge that was filed in 2022. *Commonwealth v. Constantini*, CP-23-CR-0000956-2022 (C.P. Delaware). Public records also reveal another separate drug case in which bail was set in June 2023. *Commonwealth v. Constantini*, CP-23-CR-0003602-2023 (C.P. Delaware).

does he provide any description of the circumstances giving rise to the arrest. *See, e.g., Godfrey v. Pa.*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, " [plaintiff] needed to point to facts suggesting [defendant] lacked probable cause to believe he had committed the offense for which he was arrested" ); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims because plaintiff failed to assert plausible claim of lack of probable cause where plaintiff, while alleging he was twice arrested, did not have drugs in his possession, did not break the law, and police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all allegations against them in the underlying criminal proceedings were false). Accordingly, Constantini has not alleged a Fourth Amendment false arrest or false imprisonment claim at this time.

### 3.     Excessive Force Claims

A constitutional claim of excessive force that occurs during an arrest is governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the

Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Constantini's brief factual allegations are insufficient to allege a constitutional claim for excessive force because he fails to allege any details surrounding the need for force, such as the reason for the stop, why he was arrested, the severity of the crime at issue, and whether there was any immediate threat to the safety of the officers. He alleges only conclusory allegations that he suffered excessive force without stating the circumstances surrounding the force. Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As pleaded, the Complaint does not contain facts sufficient to indicate whether the force used was objectively reasonable based on the totality of the circumstances. *See Hughes v. Shestakov*, 76 F. App'x 450, 452 (3d Cir. 2003) (no excessive force where officer took arrestee to back of police van, bumped his head on van's roof, jerked his shoulders, and gave him a "rough ride" to the police station); *Flamer v. Mitchell*, No. 25-3079, 2025 WL 1758620, at *2 (E.D. Pa. June 24, 2025) (dismissing excessive force claim with leave to amend on statutory screening because plaintiff "failed to allege the circumstances surrounding the incident that indicate whether the force used was objectively reasonable based on the totality of the circumstances."). Again, Constantini may file an amended complaint.

### D. Claims Against Supervisory Officials

Constantini appears to make claims against supervisory officials, described as "John Doe" Defendants Chester City Police Chief and Eddystone Police Chief, even though he does not allege any facts related to these Defendants. Even had Constantini successful alleged an

underlying constitutional violation, which he has not, generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in that violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'") (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Also, liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, slip op. at 3-4 (3d. Cir. Nov. 28, 2022) (*per curiam*).

Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga*, 806 F.3d at 227. Because Constantini has not alleged that any

11

supervisory official was personally involved in a denial of his constitutional rights or established a policy with deliberate indifference to his rights, the claims against them will be dismissed.

        **E.**        **Claims under §§ 1985 and 1986**

Constantini suggests several claims only in passing reference. Although I read his complaint liberally, *see Vogt*, 8 F.4th at 185, merely "passing reference to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." *Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). Constantini does not state any factual allegations as it relates to §§ 1985 and 1986. *See* 42 U.S.C. § 1985(3) (creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ."); *see also Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997) (To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.); *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994) ("to maintain a cause of action under § 1986, [plaintiff] must show the existence of a § 1985 conspiracy."). I therefore dismiss without prejudice these statutory claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Constantini leave to proceed *in forma pauperis*. All official capacity claims and claims against the Chester City Police Department and the Eddystone Police Department will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"). His remaining claims will be dismissed without prejudice. Constantini may file an amended complaint if he believes he can cure the defects I identified in the claims dismissed without prejudice. He may not reassert any claim dismissed with prejudice.

An appropriate Order follows, which provides further instruction as to amendment.