IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID FRANCIS CONSTANTINI**<br><br>v.<br><br>**CHESTER CITY POLICE DEPARTMENT,** *et al.* | CIVIL ACTION<br><br>No. 25-2718 |

**ORDER**

**AND NOW**, this 21st day of July, 2025, upon consideration of Plaintiff David Francis Constantini's *pro se* Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 2), and Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. David Francis Constantini, #NP-4439, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of the SCI Camp Hill or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Constantini's inmate account; or (b) the average monthly balance in Constantini's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Constantini's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Constantini's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Camp Hill.

4. The Complaint is **DISMISSED IN PART WITH PREJUDICE and IN PART WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's accompanying Memorandum as follows:

   a. All official capacity claims and claims against the Chester City Police Department and the Eddystone Police Department are **DISMISSED WITH PREJUDICE.**

   b. The remaining claims are **DISMISSED WITHOUT PREJUDICE.**

5. The Clerk of Court is **DIRECTED** to terminate the Chester City Police Department and the Eddystone Police Department as Defendants.

6. Constantini may file an amended complaint within thirty (30) days of the date of this Order as to the claims dismissed without prejudice. An amended complaint must <u>identify all defendants</u> in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Constantini's claims <u>against each defendant</u>. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Constantini should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court. Constantini is reminded he may **NOT** reassert any claim that has already been dismissed with prejudice.

7. The Clerk of Court is **DIRECTED** to send Constantini a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing

the above-captioned civil action number. Constantini may use this form to file his amended complaint if he chooses to do so.

8. If Constantini does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, she may file an appropriate notice with the district court asserting her intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Constantini fails to file any response to this Order, the Court will conclude that Constantini intends to stand on his Complaint and will issue a final order dismissing this case.[1]

---

[1] There is a six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) that concerns dismissing cases, but it is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as

*See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*s/ Catherine Henry*
**CATHERINE HENRY, J.**

---

to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).